MOTORISTS MUTUAL INSURANCE COMPANY ET AL., APPELLANTS,

*v.* HURON ROAD HOSPITAL ET AL., APPELLEES.

[Cite as *Motorists Mut. Ins. Co. v. Huron
Rd. Hosp.* (1995), 73 Ohio St.3d 391.]

(No. 94–873—Submitted May 24, 1995—Decided August 30, 1995.)

*Spero & Rosenfield Co., L.P.A.,* and *Keith E. Spero; Donald D. Weisberger* and *Marian Rose Nathan,* for appellants.

*Reminger & Reminger Co., L.P.A., Stephen E. Walters* and *Nancy F. Zavelson,* for appellees Huron Road Hospital, Keith Perrine, M.D., Craig Carter, M.D., and Raymond Malackany, M.D.

*Reminger & Reminger Co., L.P.A., John R. Scott* and *Nancy F. Zavelson,* for appellees Modesto Peralta, M.D., and Donna J. Waite, M.D.

*Reminger & Reminger Co., L.P.A.,* and *Nancy F. Zavelson,* for appellees Lake Hospital Systems, Inc., Lake County Hospital East, and Ann Klein Takacs.

*Jacobson, Maynard, Tuschman & Kalur* and *Janis L. Small,* for appellees Daniel P. Guyton, M.D., Nandalike S. Shetty, M.D., Claudio Gallo, M.D., Lake County Emergency Services, Dennis Dolgan, M.D., John P. Ferron, M.D., Drs. Hill & Thomas Company, David A. Steiger, M.D., Arthur M. Thynne, M.D., and Euclid Clinic Foundation.

*Martindale & Brzytwa, Harry T. Quick* and *Daniel F. Petticord;* and *Richard G. Waldron,* for appellee Blue Cross and Blue Shield of Northern Ohio, d.b.a. HMO Health Ohio.

PFEIFER, J. The two issues in this case are: (1) whether a common-law right of indemnity or a statutory right of contribution controls the relationship between a tortfeasor and a medical provider, when the medical provider negligently causes further injury or aggravates the original injury caused by the tortfeasor; and (2) whether the savings statute for wrongful death cases applies to a case in which a complaint has been filed but in which service has not been attempted.

I

Motorists argues that the common-law right of indemnity created by this court in *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, controls its relationship with the other appellees, rather than R.C. 2307.31, which provides a right of contribution among joint tortfeasors.

As this court has long recognized, the substance of the subject matter of a case is determinative, not the form under which a party chooses to bring it. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166. The substance of Motorists' claim is one for contribution.

Motorists' insureds and the appellees, if negligent, were concurrently negligent. "Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury." *Garbe v. Halloran* (1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E.2d 217, paragraph one of the syllabus. Though separate in time, the negligence of Motorists' insureds led to the alleged negligence of the appellees, and combined with the appellees' alleged negligence to cause Ross's death, the single indivisible injury.

Motorists admits that it, through its insureds, was actively negligent. As such, it has no right to indemnity. "Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." *Reynolds v. Physicians Ins. Co. of Ohio* (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, 31–32.

Motorists' claim has none of the indicia of indemnity. Implied contracts of indemnity are reserved for those "situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. * * * Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." *Id.* at 16, 623 N.E.2d at 31.

Even the nature of the relief Motorists seeks points to contribution rather than indemnity. Motorists seeks proportionate reimbursement from appellees; an action for indemnity, on the other hand, requires complete reimbursement. *Travelers,* 41 Ohio St.2d at 13–14, 70 O.O.2d at 8, 321 N.E.2d at 789.

Motorists points to the *Travelers* decision for salvation, but it offers none. In *Travelers,* an employee was injured due to his employer's negligence. The employee's treating physician aggravated the injury. The employee's lawsuit against his employer was settled, and the employer's insurer then instituted an action against the physician "seeking indemnity from [the physician] for that portion of the settlement attributable solely to the [physician's] alleged independent negligent acts * * *." *Travelers,* 41 Ohio St.2d at 12, 70 O.O.2d at 7, 321 N.E.2d at 788.

The court decided *Travelers* in a time when the status of the law was that "ordinarily there is no contribution or indemnity between joint or concurrent tortfeasors." *Travelers,* 41 Ohio St.2d at 14, 70 O.O.2d at 8, 321 N.E.2d at 789. The court noted that an exception existed "where a person is chargeable with

another's wrongful act and pays damages to the injured party as a result thereof." *Id.* In such a situation, the secondarily liable party had a right of indemnity against the primarily liable party.

Painting with its broadest equitable brush, this court found that the particular relationship between tortfeasors in its case did not fall clearly into the category of concurrent tortfeasors, nor into a situation where primary and secondary liability existed. However, the court found that the relationship "[fell] closer, and more equitably, into the latter category than the former." *Travelers,* 41 Ohio St.2d at 16, 70 O.O.2d at 9, 321 N.E.2d at 790. Thus, the court found that a tortfeasor had a right to indemnity from a physician who negligently caused a new injury or aggravated the existing injury during the course of his treatment of the injury caused by the tortfeasor.

The *Travelers* court was well intentioned, and crafted a fair result. The decision provided an equitable stopgap prior to the legislature's creation of a right of contribution between concurrent tortfeasors. Good intentions, however, like bad facts, sometimes make bad law. *Travelers* terms a right of contribution a right to indemnity, and to that extent we accordingly overrule that decision. The correct statement of the law is as follows:

When a medical provider's negligent treatment of bodily injuries caused by a tortfeasor results in further injury or aggravation of the original injury, R.C. 2307.31 creates a right of contribution between the tortfeasor and the medical provider as to indivisible injuries.

R.C. 2307.31 provides, in part:

"(A) * * * [I]f two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability * * *."

Ohio's contribution statutes govern the relationship between Motorists and the appellees. Motorists' failure to follow the statutory dictates extinguished any contribution rights it may have had. R.C. 2307.31(B) provides that "a tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury * * * is not extinguished by the settlement * * *." Since Motorists' settlement extinguished only the liability of its insureds, it is not entitled to contribution from the appellees.

Further, Motorists failed to comply with the dictates of R.C. 2307.32(C), which require a tortfeasor to seek contribution within one year of settling with a claimant.

Since Motorists never had a right of indemnity against the appellees, and since its right of contribution was nullified by its failure to follow statutory dictates, we affirm the judgment of the appellate court on this issue.

## II

For a wrongful death action to be considered timely, it must be commenced within two years of the decedent's death. R.C. 2125.02(D). Civ.R. 3(A) defines what constitutes "commencement":

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."

Therefore, if a plaintiff fails to file a complaint within the two-year statutory period, or fails to obtain service over a defendant within a year of that filing, the complaint must be considered untimely for failure of commencement.

It has always been the desire of the courts and the General Assembly to have issues determined upon their merits rather than extinguished because of procedural constraints. Savings statutes have been created to afford plaintiffs an opportunity to bring a new action after the running of the limitations period when an effort to bring the original action in a timely manner fails otherwise than on its merits. For wrongful death actions, R.C. 2125.04 governs:

"In every action for wrongful death commenced or attempted to be commenced [within the statute of limitations] * * *, if the plaintiff fails otherwise than upon the merits, and the [statute of limitations] * * * has expired at the date of such * * * failure, the plaintiff * * * may commence a new action within a year of such date."

Appellants filed their complaint on October 13, 1988, two years after Ross's death. Accordingly, they had until October 13, 1989 to obtain service on appellees. That this was not done, or even attempted, is uncontroverted. Rather, the appellants voluntarily dismissed their claim pursuant to Civ.R. 41(A)(1) three days before the one-year period for service expired. Appellants refiled their wrongful death action on October 4, 1990.

Appellants need the protection of the savings statute in order for their action to survive. The wrongful death savings statute has two requirements: (1) the commencement or attempted commencement of the action before the expiration of the statute of limitations, and (2) a failure otherwise than upon the merits.

The mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04. Service is too vital a part of commencement of a lawsuit for a party to be deemed to have attempted commencement without even attempting service. See Civ.R. 3(A) and 4(E).

A savings statute is not to be used as a method for tolling the statute of limitations. See *Lewis v. Connor* (1986), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285. Although this court has held that savings statutes should be liberally construed, the criteria of the statutes must be satisfied in order to prevent circumvention of the statute of limitations and unfairness to defendants never put on notice.

Since the appellants never commenced their first action, the protection provided by R.C. 2125.04 never attached. Thus, when appellants filed their complaint on October 4, 1990, they were nearly two years beyond the applicable statute of limitations. We therefore affirm the court of appeals' judgment on this issue.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.