DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Andrew and Sheryl DeLarosa, appeal the decision of the Wayne County Court of Common Pleas, which dismissed their cause of action. This Court affirms.
 I. {¶ 2} On November 20, 2002, appellants filed a complaint for bodily injury naming appellee, Taylor Edward Addison Transportation ("Taylor") and Auto-Owners Insurance Company ("Auto-Owners") as defendants. Service was perfected upon Auto-Owners. However, on or about December 10, 2002, appellants were notified by the clerk of courts that the certified mail sent to Taylor was returned by the postal authorities marked "MOVED LEFT NO ADDRESS UNABLE TO FORWARD." The record does not show evidence of any further action taken by the appellants to accomplish service of process upon Taylor. Auto-Owners was dismissed as a party on March 4, 2003. On May 17, 2004, Taylor filed a "Motion to Strike Complaint for Failure of Commencement or in the Alternative Motion for Summary Judgment" for failure to commence the lawsuit against Taylor within one year of filing of the complaint and prior to the expiration of the statute of limitations. The trial court granted Taylor's motion to dismiss.
 {¶ 3} Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in granting the motion to strike the complaint and dismissing the complaint for failure to commence the action against the defendant within one year of the filing of the complaint."
 {¶ 4} In their sole assignment of error, appellants argue that the trial court erred in dismissing their complaint for failure to commence the action against Taylor within one year of filing of the complaint and prior to the expiration of the statute of limitations. This Court disagrees.
 {¶ 5} Appellants argue that Taylor waived any defect in service by entering a general appearance, filing an answer to the complaint and participating in the litigation of the matter for over a year and a half before filing a motion to dismiss the action.
 {¶ 6} Taylor argues that by asserting the affirmative defenses of insufficiency of process and insufficiency of service of process in the answer to the complaint, those jurisdictional defenses remained valid and enforceable up until the time the trial court dismissed the action.
 {¶ 7} This Court finds that Taylor did not waive any defect in service for the reasons set forth below.
 {¶ 8} In Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156-157, the Supreme Court of Ohio explained:
"Prior to the adoption of the Rules of Civil Procedure, appearances were classified as either special or general. A special appearance was one made solely for the purpose of objecting to the mode, manner, or absence of the acquisition of jurisdiction over the person of the defendant. In such an appearance, the defendant did not submit to the jurisdiction of the court. Conversely, a general appearance was a voluntary submission of the defendant to the jurisdiction of the court by some act on his part other than presenting an objection to the jurisdiction of the court over his person. This type of an appearance was construed to be a recognition that the case was properly before the court.
"To resolve the question presented, we no longer need to look to the facts in order to determine whether there has been a special or general appearance. Today we only have a general appearance under the Rules of Civil Procedure. To determine whether the trial court obtained personal jurisdiction over the defendant, pursuant to those rules, we need only address whether there has been a waiver of the jurisdictional defenses, rather than the type of appearance.
"In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense."
 {¶ 9} In the present case, Taylor clearly did not voluntarily submit itself to the court's jurisdiction. The question before this Court is whether Taylor committed other acts which constitute a waiver of process.
 {¶ 10} Civ.R. 12(B) prescribes the method of asserting affirmative defenses and states, in pertinent part:
"Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, * * * A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."
Therefore, the rule allows the pleader to assert the defense of lack of personal jurisdiction either by way of a motion prior to any pleading or in the responsive pleading to the complaint. Here, in a joint answer, counsel for Taylor and Auto-Owners asserted as a defense insufficiency of process and insufficiency of service of process. In other words, Taylor asserted the lack of jurisdiction in its answer to the complaint before taking any other action relating to the case. "A defendant who raises an affirmative defense for insufficiency of service of process before actively participating in the case continues to have an adequate defense relating to service of process." Coke v. Mayo (Feb. 4, 1999), 10th Dist. No. 98AP-550, citing First Bank of Marietta v. Cline (1984),12 Ohio St.3d 317.
 {¶ 11} Civ.R. 3(a) states that a civil action is commenced "by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." R.C. 2305.17 defines commencement of an action as:
"An action is commenced within the meaning of sections 2305.03 to 2305.22
and sections 1302.98 and 1304.35 of the Revised Code by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."
 {¶ 12} "When an action fails of commencement, it is as if no complaint were ever filed." Pogacsnik v. Jewett (July 29, 1992), 9th Dist. No. 91CA005216, citing Sperduti v. Bubuloo, Inc. (May 28, 1992), 8th Dist. Nos. 60626, 61651. This Court holds, therefore, that the complaint, as it pertained to Taylor was not timely commenced and that the trial court did not err by dismissing these defendants from the case.
 III. {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Whitmore, P.J., Batchelder, J. concur