DECISION. *Page 2 
{¶ 1} Plaintiff-appellant Robert Stringer appeals the trial court's decision granting summary judgment in favor of defendants-appellees Floyd B. Whaley, Towne Taxi, Inc., and Consolidated Taxis (collectively, "defendants"). In granting summary judgment, the trial court ruled that Stringer's complaint was barred by the statute of limitations ("SOL"). On appeal, Stringer's only assignment of error is an SOL argument alleging that Ohio's savings statute provided additional time to file his complaint because he had "attempted to commence" the action within the limitations period.[1] But because Stringer's initial complaint failed to even attempt to "attempt to commence," we disagree and affirm the trial court's judgment.
 {¶ 2} On March 17, 2002, Stringer was injured in a vehicle-pedestrian accident that, he alleged, was attributable to the defendants' negligence. Ohio's SOL provides two years from the accrual date to bring a negligence action for bodily injury,[2] and bodily-injury actions brought outside two years are barred.
 {¶ 3} On March 17, 2004, Stringer (through prior counsel) timely filed his complaint in the Hamilton County Common Pleas Court ("Complaint I"). On March 16, 2005, Stringer voluntarily dismissed the case without having obtained service on any of the defendants. Between the filing of Complaint I and the voluntary dismissal, the court held four hearings — the initial hearing and three case-management conferences.
 {¶ 4} On March 15, 2006, Stringer (through present counsel) filed the complaint at issue here ("Complaint II"). The accrual date was March 2002, and Complaint II was filed in March 2006. Our SOL math tells us that Complaint II was untimely — unless Ohio's savings statute applied.[3] *Page 3 
 {¶ 5} The savings statute states that in any action that is commenced or attempted to be commenced, if the plaintiff fails otherwise than upon the merits, and the time limit for the commencement of such action at the date of failure has expired, the plaintiff may commence a new action within one year after such date.[4]
 {¶ 6} Stringer argues that time was on his side because the filing of Complaint I constituted an "action commenced or attempted to be commenced," and that Complaint I failed on grounds other than the merits. Consequently, he insists, he had a year from March 16, 2005, (the dismissal date) in which to commence a new action.
 {¶ 7} A voluntary dismissal is clearly a dismissal "otherwise than on the merits." But we hold that, under the savings statute, Complaint I was not an "action commenced or attempted to be commenced,"[5] where service was neither attempted nor demanded.
 {¶ 8} The undisputed facts show that Stringer neither attempted nor demanded service of Complaint I. In fact, Complaint I failed to even name appellee Towne Taxi, Inc., as a party. In a similar forgetful fashion, Complaint I failed to provide addresses for the named defendants to the initial suit. Sounds as if prior counsel had a case of the Mondays.[6]
 {¶ 9} Stringer relies on Thomas v. Freeman, where the Ohio Supreme Court held that when a party has failed to obtain service on another party, any subsequent dismissal is a failure otherwise than on the merits.[7] We agree in principle, but Thomas is factually distinguishable because, in Thomas, service was demanded and attempted, but failed. In Stringer's case, service was never attempted or demanded.[8] *Page 4 
 {¶ 10} The Ohio Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court, if service isobtained within one year from such filing upon a named defendant * * * ."[9] The Ohio Supreme Court has observed that merely filing a complaint is not an attempted commencement of an action.[10]
 {¶ 11} Service is required to commence a civil action; and where service is required, and no attempt at service is made, then likewise no "attempt to commence" has been made as required under the savings statute.[11] And the Ohio Supreme Court agrees: "Service is too vital a part of commencement of a lawsuit for a party to be deemed to have attempted commencement without even attempting service."[12] Courts must be leery of using a savings statute to extend the statute of limitations.[13] We hold that Stringer's counsel's initial attempt to "attempt to commence" a lawsuit was ineffective for purposes of utilizing the savings statute, and that Complaint II was untimely.
 {¶ 12} Because Stringer's initial counsel never demanded or attempted service, Complaint I did not qualify for the protection afforded under Ohio's savings statute, and consequently Complaint II was time-barred by the two-year limitations statute. The trial court's judgment is accordingly affirmed.
Judgment affirmed. HENDON and CUNNINGHAM, JJ., concur.
[1] See R.C. 2305.19.
[2] See R.C. 2305.10.
[3] See, generally, R.C. 2305.19.
[4] See id.
[5] See id.
[6] Office Space, directed and written by Mike Judge.
[7] (1997), 79 Ohio St.3d 221, 680 N.E.2d 997.
[8] See R.C. 2305.19.
[9] See Civ.R. 3 (emphasis ours).
[10] See Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995),73 Ohio St.3d 391, 653 N.E.2d 235.
[11] See R.C. 2305.19.
[12] See, generally, Motorists Mut., 73 Ohio St.3d at 396, citing Civ.R. 3 and 4.
[13] See id. See, also, Lewis v. Connor (1986), 21 Ohio St.3d 1,487 N.E.2d 285. *Page 1