[Cite as *Rossiter v. Smith*, 2012-Ohio-4434.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | | |
|---|---|---|
| DENISE L. ROSSITER, et al. | | C.A. No. 12CA0023 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE B. SMITH, et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellees | | CASE No. 10-CV-0879 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, Denise Rossiter, the Administrator of the Estate of Justin Rossiter ("Administrator"), appeals from the judgment of the Wayne County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Kyle Smith. This Court reverses.

I

{¶2} Justin Rossiter died after a car driven by Smith collided with a utility pole. Administrator, Justin's mother, filed a wrongful death complaint against Smith within the statute of limitations period for wrongful death actions.[1] Administrator asked the clerk of courts to serve Smith by certified mail at his last known address, but the certified mail was returned as

---

[1] Although the instant litigation also involved multiple insurance companies, we do not discuss their involvement as it is irrelevant to the issue on appeal.

unclaimed. Administrator later voluntarily dismissed her complaint. At the point Administrator dismissed her complaint the statute of limitations had expired.

{¶3} Within one year of the dismissal of her complaint, Administrator re-filed her complaint against Smith and obtained service of process. Smith filed a motion for summary judgment in which he argued that Administrator could not rely upon the savings statute applicable to wrongful death actions, R.C. 2125.04, to re-file her complaint. Specifically, Smith argued that Administrator never commenced or attempted to commence a civil action for wrongful death against him within the original statute of limitations period because she never served him with her first complaint. Administrator filed a memorandum in opposition, arguing that her attempt to serve Smith through certified mail in the first action constituted an attempt to commence her civil action for wrongful death. The trial court agreed with Smith's interpretation of the savings statute and concluded that Administrator never commenced or attempted to commence her civil action against Smith before voluntarily dismissing her complaint. Accordingly, the court granted Smith's motion for summary judgment on the basis of the statute of limitations.

{¶4} Administrator now appeals from the trial court's judgment and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SMITH[.]

{¶5} In her first assignment of error, Administrator argues that the trial court erred by granting Smith's motion for summary judgment. Specifically, she argues that the wrongful death

savings statute applied to her re-filed complaint because she attempted to commence a civil action against Smith before voluntarily dismissing her first complaint. We agree.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶7} With the exception of a products liability claim, a cause of action for wrongful death "shall be commenced within two years after the decedent's death." R.C. 2125.02(D)(1). A plaintiff may file a wrongful death action beyond the two-year period only if he or she satisfies the conditions set forth in R.C. 2125.04, the wrongful death savings statute. The savings statute provides that:

> [i]n every civil action for wrongful death that is commenced or attempted to be commenced within the time specified by [R.C. 2125.02(D)(1)] * * *, if * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new civil action for wrongful death within one year after the date of * * * the plaintiff's failure otherwise than upon the merits * * *.

R.C. 2125.04. "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). As for attempted commencement, the Supreme Court has held that "[t]he mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04." *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391 (1995), paragraph two of the syllabus.

{¶8} The legal issue on appeal is a narrow one. Both parties agree that Administrator filed her initial complaint within two years of her son's death and re-filed her complaint within one year of voluntarily dismissing it. Therefore, none of the filing deadlines applicable to wrongful death actions are in dispute. The only issue on appeal is the meaning of the phrase "attempted to be commenced," as is it used in R.C. 2125.04.

{¶9} Smith sought summary judgment on the basis that Administrator never commenced or attempted to commence an action against him when she first filed suit. Smith argued that Administrator had to perfect service upon him in the first suit in order to commence or attempt to commence her wrongful death action for purposes of the savings statute. Because Administrator's attempt to serve Smith with her first complaint by certified mail at his last known address failed, Smith argued, Administrator did not commence or attempt to commence her suit against him. The trial court agreed that the phrase "attempted to be commenced" was synonymous with "commenced" for purposes of the savings statute and granted Smith's motion for summary judgment.

{¶10} Administrator concedes that she did not commence her wrongful death action against Smith in the first suit because she did not obtain service upon him within a year. *See* Civ.R. 3(A). Even so, Administrator argues that she attempted to commence her action in the first suit by trying to serve Smith at his last known address through certified mail. Thus, the sole issue on appeal is whether an unsuccessful attempt to serve a defendant by certified mail at his last known address constitutes an attempt to commence a wrongful death action for purposes of the wrongful death savings statute. For the following reasons, we conclude that it does.

{¶11} As applied to this case, the language in the wrongful death savings statute is virtually identical to the language contained in R.C. 2305.19, the general savings statute. *Compare* R.C. 2125.04 *with* R.C. 2305.19(A). Both statutes use the phrase "commenced or attempted to be commenced." R.C. 2125.04; R.C. 2305.19(A). Before the adoption of the Ohio Rules of Civil Procedure, R.C. Chapter 2305 defined the phrase "attempted to be commenced." Specifically, it provided that "an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days." Former R.C. 2305.17 (G.C. 11231). After Civ.R. 3(A) was enacted, however, the General Assembly revised R.C. 2305.17 and eliminated the definition of "attempt to commence." *See* R.C. 2305.17. Although both Civ.R. 3(A) and R.C. 2305.17 currently define how an action "is commenced," neither defines an "attempt to commence" an action. Absent any authority, the Eighth District concluded in *Simonetti v. Piorkowski* that the General Assembly deleted the definition of "attempt to commence" because it intended that definition to be subsumed within the definition of commence. *Simonetti v. Piorkowski*, 8th Dist. No. 42270, 1980 WL 355473, *2 (Dec. 18, 1980). The Eighth District held that to either commence or attempt to commence an action under the savings statute, a plaintiff must have

served a defendant with his original complaint. *Id.* The trial court here agreed with that interpretation.

**{¶12}** Because Civ.R. 3(A) supersedes R.C. 2305.17, we focus solely on the definition of commencement contained within the civil rule. *See Seger v. For Women, Inc.*, 110 Ohio St.3d 451, 2006-Ohio-4855, ¶ 7. As previously set forth, Civ.R. 3(A) provides: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." In *Motorists Mut. Ins. Co.*, the Ohio Supreme Court considered whether plaintiffs had attempted to commence their wrongful death suit for purposes of the wrongful death savings statute. *Motorists Mut. Ins. Co.*, 73 Ohio St.3d at 396-397. There, the plaintiffs filed their complaint and requested the appointment of a process server. Although a server was appointed, service was never attempted before the plaintiffs voluntarily dismissed their complaint. *Id.* at 392. The Court held that the "mere filing of a complaint does not constitute an attempted commencement of an action for purposes of R.C. 2125.04." *Id.* at 396. In so holding, the Court reasoned that "[s]ervice is too vital a part of commencement of a lawsuit for a party to be deemed to have attempted commencement *without even attempting service*." (Emphasis added.) *Id.* Notably, the Court did not hold that the plaintiffs had to *obtain* service in order to take advantage of the savings statute. The Court based its holding on the plaintiffs' failure to even attempt service. *Id.* Similarly, with regard to the general savings statute, the Court has recognized that attempting service differs from perfecting service. *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 17-19.

**{¶13}** "[S]avings statutes should be liberally construed to ensure that cases are decided on the merits whenever possible, rather than on procedural technicalities." *Barker v. Strunk*, 9th Dist. No. 06CA008939, 2007-Ohio-884, ¶ 9. Further, "[a]n unambiguous statute must be applied

in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52. Smith's interpretation of R.C. 2125.04 would have this Court essentially ignore the phrase "attempt to commence" as it is used within the statute. Common sense alone dictates that "commence" and "attempt to commence" do not mean the same thing. We agree with our sister district that "an attempt to commence obviously contemplates something less than commencement." *Thacker v. Sells*, 10th Dist. No. 90AP-669, 1990 WL 250512, *4 (Dec. 31, 1990) (wrongful death plaintiff had attempted to commence the action by requesting proper certified mail service upon a defendant, even though the suit was dismissed "before it could be determined that effective service was not made").

{¶14} Other districts have reached the same result with regard to the general savings statute. The Seventh District has held that "an action is attempted to be commenced, as contemplated by R.C. 2305.19, when a party files a complaint with the clerk of the court within the applicable statute of limitations and demands service on that complaint." *Sorrell v. Estate of Datko*, 147 Ohio App.3d 319, 2001-Ohio-3460, ¶ 22 (7th Dist.2001). Similarly, the Second District has held that "the *attempted* commencement provision of R.C. 2305.19 requires only that a Plaintiff has taken action to effect service on a defendant within the applicable limitations period according to one of the methods provided in the Civil Rules." (Emphasis sic.) *Schneider v. Steinbrunner*, 2d Dist. No. 15257, 1995 WL 737480, *4 (Nov. 8, 1995). Even the Eighth District later rejected the approach it took in *Simonetti v. Piorkowski* and held that the phrases "commence" and "attempt to commence" are not synonymous. *Husarcik v. Levy*, 8th Dist. No. 75114, 1999 WL 1024135, *2-3 (Nov. 10, 1999). In *Husarcik*, the Eighth District held that a

plaintiff had attempted to commence his action when he filed a request for service by certified mail, but service was never perfected. *Id.* at *1-3.

**{¶15}** After Administrator filed her first complaint, she attempted to serve Smith by certified mail at his last known address. Certified mail was a proper method of service under the Civil Rules. *See LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921, at ¶ 17 ("An attempt to commence an action as contemplated * * * must be pursuant to a method of service that is proper under the Civil Rules."). By attempting to serve Smith by certified mail, Administrator did more than merely file her complaint. *See Motorists Mut. Ins. Co.*, 73 Ohio St.3d at 396. Administrator's demand for service upon Smith by certified mail constituted an attempt to commence her wrongful death action against him. *Thacker* at *4. *See also Sorrell* at ¶ 22; *Husarcik* at *2-3; *Schneider* at *4. The trial court erred by equating the phrase "commence" with the phrase "attempt to commence" and by relying upon a position the Eighth District later rejected. Because Administrator attempted to commence her initial wrongful death action against Smith, Smith was not entitled to summary judgment on the basis of the statute of limitations. Administrator's first assignment of error is sustained.

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE
MOTION TO VACATE JUDGMENT.

**{¶16}** In her second assignment of error, Administrator argues that the trial court abused its discretion by denying her motion to vacate. The record reflects that Administrator filed her notice of appeal before the trial court ruled on her Civ.R. 60(B) motion. "Where a party files a motion for relief from judgment pursuant to Civ.R. 60(B), then files a notice of appeal before the trial court has ruled on the Civ.R. 60(B) motion, the notice of appeal deprives the trial court of jurisdiction to vacate the judgment challenged by the appeal." *Klinginsmith v. Felix*, 62 Ohio

App.3d 147, 150-151 (9th Dist.1989), quoting *Dempsey v. Chicago Title Ins. Co.*, 20 Ohio App.3d 90 (8th Dist.1985), paragraph one of the syllabus. Because the trial court lacked jurisdiction to consider Administrator's motion, "the order denying it is null and void." *State v. Smith*, 9th Dist. Nos. 07CA009220 & 07CA009252, 2008-Ohio-3589, ¶ 10. We do not reach the merits of Administrator's second assignment of error, as the trial court's ruling on her Civ.R. 60(B) motion is a nullity.

## III

{¶17} Administrator's first assignment of error is sustained. We do not reach the merits of Administrator's second assignment of error as it pertains to a void judgment. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                 _____

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

TIMOTHY B. SAYLOR, Attorney at Law, for Appellant.

MARK BASERMAN, Attorney at Law, for Appellee.