[Cite as *Kuczirka v. Ellis*, 2018-Ohio-5318.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PETER KUCZIRKA

    Appellant

    v.

CECILIA A. ELLIS, D.O., et al.

    Appellees

C.A. No.     29061

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-08-4483

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

---

CALLAHAN, Judge.

{¶1} Appellant, Peter Kuczirka, administrator of the estate of T.K., ("Mr. Kuczirka") appeals from the judgment of the Summit County Common Pleas Court in favor of Appellees, Cecilia Ellis, D.O. ("Dr. Ellis") and Obstetrical and Gynecological Associates of Akron, Inc. ("OBGYN Associates"). For the reasons set forth below, this Court reverses.

I.

{¶2} This case involves a refiled complaint which asserted claims for wrongful death and medical malpractice against Dr. Ellis and OBGYN Associates. This is the second appeal in this matter.

{¶3} The first appeal outlined the procedural history relative to the refiled complaint:

[Mr. Kuczirka] filed the refiled complaint in this action on August 3, 2012. After receiving service of the complaint by certified mail, [Dr. Ellis and OBGYN Associates] each filed a separate answer on August 31, 2012.

On August 2, 2013, Dr. Ellis and OBGYN Associates filed a "motion to dismiss" pursuant to Civ.R. 3(A) and Civ.R. 4.1. Dr. Ellis and OBGYN

Associates argued that [Mr.] Kuczirka improperly served them, not in the current action, but rather in the initial action filed August 31, 2009. They asserted that service of the original complaint by Federal Express was an improper method of service under the version of Civ.R. 4.1 then in effect, that [Mr.] Kuczirka never perfected service within one year of filing the original complaint, and the failure to commence the suit warranted dismissal of the action with prejudice. The trial court initially denied the motion on August 22, 2013.

On September 11, 2013 Dr. Ellis and OBGYN Associates moved for reconsideration or, in the alternative, to stay the case. They urged that a case of similar circumstance was pending on appeal, and a stay was appropriate while awaiting a decision in that case. The trial court stayed the proceedings on September 25, 2013. Upon motion, the trial court reactivated the case on March 7, 2017, and permitted the parties to submit additional briefing in light of this Court's rulings in *Hubiak v. Ohio Family Practice Ctr., Inc.*, 9th Dist. Summit No. 26949, 2014-Ohio-3116, [] and *Suiter v. Karimian*, 9th Dist. Summit App. No. 27496, 2015-Ohio-3330.

The trial court granted the motion and dismissed the matter with prejudice. [Mr.] Kuczirka filed [a] timely appeal.

*Kuczirka v. Ellis*, 9th Dist. Summit No. 28599, 2018-Ohio-728, ¶ 1-4.

{¶4} In the first appeal, Mr. Kuczirka argued that the trial court erred when it granted the motion to dismiss. *Kuczirka* at ¶ 5. This Court, however, did not reach the merits of Mr. Kuczirka's argument. Instead, this Court viewed the motion to dismiss as a motion for judgment on the pleadings and reversed and remanded the case because the trial court considered matters outside of the pleadings when it granted the motion. *Id.* at ¶ 9-10, 12.

{¶5} Upon remand, Dr. Ellis and OBGYN Associates filed a motion for summary judgment, reasserting all of their previous arguments. They attached an affidavit[1] incorporating the docket and filings from the first case in support of the motion. Mr. Kuczirka filed a brief in

---

[1] This Court notes that the affidavit of attorney Douglas Leak was not properly notarized. However, Mr. Kuczirka did not object to the deficient affidavit and the documents attached thereto. In the absence of an objection from Mr. Kuczirka, it was within the trial court's discretion to consider the improperly introduced materials and disregard the defects in the Civ.R. 56 materials. *See CitiMortgage, Inc. v. Elia*, 9th Dist. Summit No. 25482, 2011-Ohio-2499, ¶ 9-10.

opposition containing the same prior arguments along with an affidavit incorporating the docket and additional filings from the original case. The trial court granted the motion for summary judgment in favor of Dr. Ellis and OBGYN Associates and dismissed the refiled complaint with prejudice because it found that Mr. Kuczirka failed to commence the case, the savings statute was not applicable due the failure to commence the case, and the statute of limitations had expired.

{¶6} Mr. Kuczirka timely appeals from this judgment, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING DEFENDANT[S]-APPELLEES'
MOTION FOR SUMMARY JUDGMENT.

{¶7} In his sole assignment of error, Mr. Kuczirka argues that the trial court erred in granting the motion for summary judgment. This Court agrees, albeit on grounds different than those argued by Mr. Kuczirka.

{¶8} Appellate courts consider an appeal from summary judgment under a de novo standard of review, using the same standard that the trial court applies. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record.

{¶9} Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶10}  Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*. Once the moving party satisfies this burden, the nonmoving party has a reciprocal burden to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings,'" but instead must submit evidence as outlined in Civ.R. 56(C). *Id.*, quoting Civ.R. 56(E).

**Savings Statute**

{¶11}  This is a refiled case and thus it requires the application of R.C. 2305.19(A) in order to proceed. That section, known as the savings statute,[2] states in part, that:

> In any action that is commenced or attempted to be commenced, * * *  if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

This Court has recognized three requirements necessary to trigger the protection of the savings statute: "'(1) an action must have been commenced or attempted to have been commenced prior to the expiration of the applicable statute of limitations; (2) the cause of action must have failed otherwise than upon the merits; and (3) the failure of that action must have occurred after the statute of limitations period has expired.'" *Eckmeyer v. Blough*, 9th Dist. Summit No. 26669,

---

[2] Despite the complaint alleging a wrongful death claim and medical malpractice claims, the parties have only argued the application of the general savings statute, R.C. 2305.19, and not the wrongful death savings statute, R.C. 2125.04. This Court will limit its analysis accordingly.

2013-Ohio-3603, ¶ 8, quoting *Haupricht v. Davis Farm Servs., Inc.,* 6th Dist. Fulton No. F-95-013, 1995 Ohio App. LEXIS 4819, *6-7 (Nov. 3, 1995).

{¶12} Dr. Ellis and OBGYN Associates limited their argument to the first requirement, while Mr. Kuczirka argued that he complied with all three of the savings statute requirements. The trial court decided the savings statute did not apply solely because Mr. Kuczirka failed to commence the action.

### Commencement

{¶13} Dr. Ellis and OBGYN Associates relied upon this Court's prior decisions in *Hubiak*, 2014-Ohio-3116, and *Suiter*, 2015-Ohio-3330, to support their position that Mr. Kuczirka failed to commence this action against them. Contrary to the adamant position taken by Dr. Ellis and OBGYN Associates, *Suiter* is not a mirror image of the facts in this case. Nor are the facts in *Hubiak* the same as those in this case. Nonetheless, the analysis in those two cases is instructive as to the issue of whether Mr. Kuczirka commenced this action against Dr. Ellis and OBGYN Associates.

{¶14} On September 2, 2007, T.K. died after receiving treatment from various medical providers, including Dr. Ellis, an employee of OBGYN Associates. Mr. Kuczirka filed a complaint alleging wrongful death, failure to obtain informed consent, and vicarious liability on August 31, 2009, and requested service of the complaint upon all of the defendants by certified mail. The complaint named Dr. Ellis and OBGYN Associates as defendants, along with Summa Health System, Summa Health System Hospitals and several of its residents (collectively "the Summa Defendants") and Dr. Lisa Cousineau. Despite requesting certified mail service, the clerk of court issued the summons and complaint to all the defendants via Federal Express in

accordance with Summit County Court of Common Pleas Miscellaneous Order No. 325. *See In re: Appointment of Standing Process Server*, Misc. No. 325 (June 23, 2009).

{¶15} Contrary to the broad description given by Dr. Ellis and OBGYN Associates, Miscellaneous Order No. 325 did not simply "allow[] for service of process via Federal Express" in contravention of the version of Civ.R. 4.1(A) in effect in 2009. Instead, Miscellaneous Order No. 325 appointed Federal Express and its employees as standing process servers in the General Division of the Summit County Common Pleas Court for purposes of personal service, which is governed by Civ.R. 4.1(B). *See J. Bowers Constr. Co. v. Vinez*, 9th Dist. Summit No. 25948, 2012-Ohio-1171, ¶ 17. Because the docket does not reflect any request by Mr. Kuczirka for personal service upon all of the defendants and the Ohio Civil Rules in effect in 2009 did not otherwise permit service by Federal Express, the Federal Express service upon all the defendants on September 11, 2009 was invalid. *See id*; *Emerson Family Ltd. Partnership v. Emerson Tool, LLC*, 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 32; Civ.R. 4.1.

{¶16} Dr. Ellis and OBGYN Associates filed separate answers on September 29, 2009, setting forth and preserving the following affirmative defenses:

> 37. This Court lacks jurisdiction of the instant action by virtue of Plaintiff's failure to comply with the pleading and service requirements as required by the Ohio Revised Code and Ohio Rules of Civil Procedure.
>
> * * *
>
> 45. Plaintiff has failed to obtain appropriate and proper service of the Complaint upon this Defendant.

The docket in the original case reflects Dr. Cousineau also filed an answer on September 29, 2009. While there is no evidence as to which, if any, affirmative defenses were raised by Dr. Cousineau in her answer, such facts are not pertinent to the analysis in this case. The Summa Defendants' filed an answer on October 20, 2009, which failed to preserve the affirmative

defense of insufficiency of service. During the next three years, the parties proceeded with discovery and preparing for trial.

{¶17} Civ.R. 4.1(A) was amended effective July 1, 2012, to allow service by a commercial carrier, such as Federal Express. On July 17, 2012, Mr. Kuczirka filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1).

{¶18} Mr. Kuczirka refiled the complaint 17 days later, on August 3, 2012. While the causes of action remained the same, only Dr. Ellis and OBGYN Associates were named as defendants in the refiled complaint.

{¶19} The parties do not dispute any of the foregoing procedural history. Instead, they disagree as to the application of this Court's precedent in *Hubiak* and *Suiter* regarding whether service was obtained and the case was commenced.

{¶20} Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" An action must be commenced as to each defendant. *See Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. Franklin No. 06AP-532, 2007-Ohio-2653, ¶ 21. *See also DeLarosa v. Taylor Edwards Addison Transp.*, 9th Dist. Wayne No. 04CA0047, 2005-Ohio-1130, ¶ 2, 12.

{¶21} It is undisputed that the only method of service utilized as to all the defendants was Federal Express, which was completed within one year of filing the complaint, and that this was improper service under the Ohio Rules of Civil Procedure at the time. *See Hubiak*, 2014-Ohio-3116, at ¶ 10-11; *Suiter*, 2015-Ohio-3330, at ¶ 19. While Dr. Ellis and OBGYN Associates preserved the affirmative defense of lack of personal jurisdiction, insufficiency of service, and insufficiency of service of process in their answers, the Summa Defendants did not. *See Hubiak* at ¶ 12-20. *Compare Suiter* at ¶ 23. The Summa Defendants' waiver of these affirmative

defenses resulted in the case being commenced against only those defendants on October 20, 2009, the date they filed their answer and waiver. *See Hubiak* at ¶ 36-37. That waiver did not cause the case to commence against Dr. Ellis and OBGYN Associates due to their having raised the appropriate affirmative defenses as to service and personal jurisdiction. *See Suiter* at ¶ 23. However, because the case was commenced against the Summa Defendants, the case was also "pending," thereby subjecting the improper service of Dr. Ellis and OBGYN Associates to the retroactive application of amended Civ.R. 4.1(A). *See Hubiak* at ¶ 29. *But see Suiter* at ¶ 22-23.

{¶22} Unlike *Hubiak*, the retroactive application of amended Civ.R. 4.1(A) did not render the prior improper service of Dr. Ellis and OBGYN Associates proper as of July 1, 2012. *But see Hubiak* at ¶ 29. The amended rule could not cure the clerk of court's improper Federal Express service to establish commencement against Dr. Ellis and OBGYN Associates because his complaint was filed on August 31, 2009, almost three years prior to the July 1, 2012 rule amendment and thus was beyond the one year period to perfect service. *But see id.*

{¶23} Based on the foregoing, Mr. Kuczirka failed to commence the action against Dr. Ellis and OBGYN Associates.

**Attempt to Commence**

{¶24} The Ohio Supreme Court and this Court have recognized with regard to the general savings statute that "attempting service differs from perfecting service." *Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434, ¶ 12, citing *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 17-19. "Common sense alone dictates that 'commence' and 'attempt to commence' do not mean the same thing. We agree with our sister district that 'an attempt to commence obviously contemplates something less than

commencement.'" *Rossiter* at ¶ 13, quoting *Thacker v. Sells*, 10th Dist. Franklin No. 90AP-669, 1990 Ohio App LEXIS 5913, *10 (Dec. 31, 1990).

**{¶25}** Unlike this case, neither *Hubiak* nor *Suiter* involved a refiled case and consideration of the application of the savings statute. *See Moore v. Mt. Carmel Health Sys.*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-4130, ¶ 54, 56. Because the savings statute applies when there is either a commencement or an attempt to commence an action within the applicable statute of limitations, the analysis does not end with the issue of commencement as it did in *Hubiak* and *Suiter*. Although the parties presented arguments to the trial court regarding whether Mr. Kuczirka attempted to commence the action, the trial court did not make such a determination.

**{¶26}** This Court is cognizant of the tortured and lengthy procedural history of this case. Nonetheless, we cannot and "will not decide in the first instance issues raised in summary judgment motions, but not considered by the trial court." *McFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 38. "To consider summary judgment arguments in the first instance on appeal 'effectively depriv[es] the non-prevailing party of appellate review.'" *Id.* quoting, *Guappone v. Enviro-Cote, Inc.*, 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶ 13.

**Conclusion**

**{¶27}** While the trial court properly concluded that Mr. Kuczirka did not commence the action as to Dr. Ellis and OBGYN Associates, the trial court's analysis of the application of the savings statute is incomplete because it failed to consider the parties' arguments as to whether Mr. Kuczirka attempted to commence the case prior to the expiration of the statute of limitations and, if necessary, complied with the other two requirements. Accordingly, the trial court erred

when it granted summary judgment in favor of Dr. Ellis and OBGYN Associates and dismissed the case with prejudice. The assignment of error is sustained.

## III.

{¶28} Mr. Kuczirka's assignment of error is sustained. The judgment of the Summit County Common Pleas Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

STACIE L. ROTH, Attorney at Law, for Appellant.

DOUGLAS G. LEAK, GREGORY T. ROSSI, and ROCCO D. POTENZA, Attorneys at Law, for Appellees.