[Cite as *Johnson v. Clark Cty. Aud.*, 2020-Ohio-3201.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| WILLIAM S. JOHNSON | : | |
| | : | Appellate Case No. 2019-CA-63 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2018-CV-89 |
| v. | : | |
| | : | (Civil Appeal from |
| CLARK COUNTY AUDITOR, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 5th day of June, 2020.

. . . . . . . . . .

WILLIAM S. JOHNSON, P.O. Box 62, Clifton, Ohio 45316
    Plaintiff-Appellant, Pro Se

ANDREW P. PICKERING, Atty. Reg. No. 0068770, BEAU P. THOMPSON, Atty. Reg. No. 0093688, and WILLIAM D. HOFFMAN, Atty. Reg. No. 0047109, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, OH 45502
    Attorneys for Defendants-Appellees

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} William S. Johnson appeals from the trial court's grant of summary judgment to the Clark County Defendants[1] on Johnson's challenges to the ditch maintenance assessments for 2016 and 2017 for the Goose Creek Ditch. For the following reasons, the trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for further proceedings.

## I. Procedural History

{¶ 2} Johnson owns a 155-acre farm on Old Clifton Road in Springfield, Ohio. His property benefits from the Goose Creek Ditch, which was built at a cost of $14,304.73 in 1959-1960. That cost became the "construction base" for purposes of levying assessments for maintenance on properties benefitted by the ditch.

{¶ 3} In 2016, Clark County assessed a special assessment on Johnson's real estate tax bill of $2,022.25 for ditch maintenance, identified on his tax bill as "IFA1 Goose Creek Ditch Maintenance." This bill was payable in 2017. Johnson refused to pay the 2016 assessment, and the Clark County Treasurer applied a $101.11 penalty for nonpayment. Johnson paid that assessment and penalty, under protest, on July 13, 2017. Johnson's 2017 real estate tax bill, payable in 2018, included a ditch maintenance assessment of $644.35.[2]

---

[1] Johnson brought suit against Mark Niccolini, Clark County Drainage Supervisor; Johnathan A. Burr, Clark County Engineer; John S. Federer, Clark County Auditor; Stephen T. Metzger, Clark County Treasurer; and Clark County Commissioners Melanie Flax Will, Lowell McGlothin, and Richard Lohnes, collectively the "Clark County Defendants." In July 2019, counsel for Niccolini notified the trial court that Niccolini no longer held the position of Drainage Supervisor and that the duties had been assumed by Burr, the Clark County Engineer.

[2] Johnson's complaint discusses communications that he had with the Clark County Defendants regarding prior Goose Creek Ditch assessments, beginning in the spring of 2014. He indicates that he brought suit for the recovery of "illegal drainage assessments"

{¶ 4} On February 9, 2018, Johnson brought suit against the Clark County Defendants, alleging that the assessments were "illegal, improper, excessive, and unreasonable" in five respects.   First, he claimed that the Goose Creek Ditch Maintenance Fund maintained an unencumbered balance above 20 percent of the construction costs, contrary to R.C. 6137.03.   Second, he alleged that the Board of Clark County Commissioners had failed to review and update the original assessment base every six years, as required by R.C. 6137.11.   Third, he alleged that he was "dramatically over assessed for his drainage into Goose Creek."   Johnson stated that platted housing benefits more from the ditch than his farm.   Fourth, Johnson asserted that the County Engineer had "failed to use the best and most economical method to maintain and repair the ditch as required by ORC 6137.05, since he has not requested bids or contracts for the work."   Johnson also alleged that the mowing expenses were excessive, and that the County Engineer should not have charged equipment purchases immediately and fully against the ditch maintenance fund.   Finally, Johnson alleged that the Board of Clark County Commissioners "improperly approved the 204 percent of the construction base assessment for the benefited landowners payable in 2017."

{¶ 5} Johnson attached several exhibits to his complaint: (1) County Ditch Report from the County Engineer's Office, dated April 30, 2015, (2) County Ditch Report from the County Engineer's Office, dated May 25, 2016, (3) County Ditch Report from the County Engineer's Office, dated May 25, 2017, (4) a copy of correspondence from Johnson to the Clark County Treasurer and Auditor, protesting his 2016 ditch maintenance

on July 2, 2015 to recover assessments made in 2013 and 2014, payable in 2014 and 2015.   *See Johnson v. Niccolini*, Clark C.P. No. 2015 CV 0451.   Johnson filed a motion to amend his complaint to include the 2015 assessment.   That action is still pending.

assessment, and (5) a copy of correspondence from Johnson to the Clark County Treasurer and Auditor, indicating that the payment of his 2016 assessment was being made involuntarily. Johnson verified his complaint with an affidavit affirming that the "claims and facts" therein were true and that the attachments to his complaint were "true copies."

{¶ 6} The Clark County Defendants jointly moved for summary judgment on Johnson's claims, arguing that the year-end balance of the Goose Creek Ditch Maintenance Fund was always less than 20 percent of the construction base, that Johnson had no private right of action with respect to the six-year review or any increase/decrease in his assessment, that the six-year review requirement was directory, that any decision to increase or decrease assessments was discretionary, that a six-year review was in fact performed in 2016, that the assessments were not illegal, that Johnson did not protest the payment of the 2017 assessment, and that Johnson's fifth claim fails to state a claim. The Clark County Defendants supported their motion with affidavits from Clark County Engineer Johnathan Burr and Clerk to the Board of Clark County Commissioners Megan Burr, and several documents, including the County Ditch Report from the Engineer's Office dated April 3, 2019, and documents presented at Board meetings.

{¶ 7} Johnson opposed the motion and objected to the Clark County Defendants' exhibits and the affidavit of Johnathan Burr. Johnson asserted that genuine issues of material fact existed as to each of his claims and that he protested the payment of all subsequent assessments in his 2015 lawsuit. Johnson also sought a 90-day continuance so that he could conduct additional discovery on Johnathan Burr's evidence

regarding the fund balance between 2011 and 2018.

{¶ 8} On July 26, 2019, the trial court granted the Clark County Defendants' motion for summary judgment. The trial court ruled:

> **First**, the Court agrees with defendants, based on the Rule 56 evidence, the unencumbered balance of the Ditch maintenance fund was never greater than 20% of the construction base. Specifically, defendants point to the affidavit of Johnathan Burr, the Clark County Engineer, to show that for all relevant years, the end of year balance was always less than 20% of the construction base ($2,860.95). *Id.* at ¶¶10-12 & Ex. B. In addition, per the Engineer's affidavit, "estimates made by Mark Niccolini previously (including Attachments 1, 2, and 3 to the Complaint) were erroneous." *Id.* at ¶12.
>
> **Second** (and **third**), the Court agrees R.C. 6137.11's six year directive is not mandatory since there are no penalties prescribed by statute for the board's failure to re-evaluate assessments every six years. In addition, the statute does not give property owners the ability to compel the six year review or to demand increases or decreases in assessments. Therefore, assessments made in the absence of a periodic review are not illegal. Instead, the statute provides property owners the opportunity to demand a hearing if the board of county commissioners elect to increase the property owner's proportionate share of the assessments, and to appeal the outcome of said hearing to the court of common pleas. Finally, as defendants argue, and the County Engineer attests, the Board performed

the six year review in 2016. (Engineer Aff. At ¶9; Affidavit of Clerk Megan Burr at ¶3, Exs. A-I & A-3).   As to prior years, the statute does not allow for retroactive assessments, and, therefore, no such remedy is available.

**Fourth**, R.C. 6137.05(A) allows the Engineer to use his own employees and equipment rather than to proceed by bidding the maintenance out to third parties.   In addition, defendants point out that only illegal assessments are actionable and, here, the plaintiff complains that the maintenance costs are excessive on their face, but not that they are "illegal." Finally, as to plaintiff's **fifth** allegation, defendants argue, and the court agrees, no known cause of action exists to provide a legal remedy, and, in any event, plaintiff has not identified any harm or damage separate and apart from the improper assessment claims.

(Emphasis sic.)   The trial court did not expressly address Johnson's motion for a continuance or his objections to the Clark County Defendants' exhibits, but it implicitly overruled the motion and the objections by ruling on the motion for summary judgment and relying upon the disputed exhibits.

{¶ 9} Johnson appeals from the trial court's judgment, raising nine assignments of error.   We will address Johnson's arguments in a manner that facilitates our analysis.

## II. Timeliness of the Clark County Defendants' Motion

{¶ 10} In his ninth assignment of error, Johnson claims that the trial court "erred when [it] allowed the Defendants to file the Motion for Summary Judgment without the leave of the Court as required by Civil Rule 56(B)."

{¶ 11} Civ. R. 56(B) provides:

A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

Civ.R. 56(A) similarly permits a party seeking affirmative relief to move for summary judgment, after the action has been set for pretrial or trial, only with leave of court.

{¶ 12} A magistrate held a pretrial conference on March 12, 2019, and filed a final pretrial order the following day. The order scheduled a pretrial/settlement conference for June 27, 2019, and a bench trial for July 30, 2019. The order indicated that dispositive motions were to be filed by six weeks prior to trial, and discovery was to be completed one month prior to trial. The magistrate's order gave leave to both parties to file dispositive motions, including motions for summary judgment, through the established deadline. Neither Johnson nor the Clark County Defendants objected to the magistrate's order.

{¶ 13} Under the final pretrial order, the deadline for dispositive motions was Tuesday, June 18, 2019. The Clark County Defendants filed their joint motion for summary judgment on that date. Accordingly, their motion was timely.

{¶ 14} Johnson's ninth assignment of error is overruled.

### III. Additional Discovery

{¶ 15} In his third assignment of error, Johnson claims that the trial court erred when it ruled on the Clark County Defendants' summary judgment motion without allowing

him additional discovery time in response to statements in Johnathan Burr's affidavit related to the Goose Creek Ditch Maintenance Fund balances between 2011 and 2017.

{¶ 16} The Clark County Defendants' motion for summary judgment included an affidavit from Johnathan Burr, the Clark County Engineer. Paragraph 12 of his affidavit stated:

After I assumed the duties of ditch supervisor in July 2018, I directed my staff to review the deposits (of assessments collected) and expenses for ditch maintenance funds in Clark County, including Goose Creek Ditch, dating back to 2011. Exhibit B-1 is what was produced by the Clark County Engineer's Office as a result of this review, as specifically pertains to the Goose Creek Ditch maintenance fund. Exhibit B-1 is a true and accurate copy of that document. Exhibit B-1 demonstrates that at the end of each calendar year 2011 through 2018, the balance in the Goose Creek Ditch maintenance fund was less than 20% of the construction base. Exhibit B-1 also demonstrates that the estimates made by Mark Niccolini previously (including Attachments 1, 2, and 3 to the Complaint) were erroneous.

{¶ 17} On June 27, 2019, the parties met with a magistrate for a pretrial conference. Although the record does not contain a transcript of this conference, the parties agree that Johnson moved for additional time to conduct discovery, claiming that he was surprised by the information in paragraph 12 and Exhibit B-1 of Burr's affidavit. Johnson represents in his appellate brief that the magistrate indicated that she would consider such a motion after "answers" to the summary judgment motion were filed.

{¶ 18} On July 11, Johnson filed his opposition memorandum to the Clark County

Defendants' summary judgment motion. On the same date, he moved for a 90-day continuance, stating that Exhibit B-1 indicated that the County Engineer had transferred $13,000 from the Goose Greene Ditch Maintenance Fund without explanation and that he (Johnson) needed additional time for "depositions, interrogatories, and requests for production of documents on the matter of the missing $13,000." Johnson described Johnathan Burr's information as a "material issue and fact in this case which the Defendants should have supplemented their answers to this complaint with this information when it became known after July 2018."

{¶ 19} Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 20} We discussed this Rule in *Doriott v. MVHE, Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867, stating:

Pursuant to Civ.R. 7(A), the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity. In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion. *Id*. "Mere allegations requesting a continuance or deferral of action for the

purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment."  "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion."

A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment.  However, the court must be convinced that there is a likelihood of discovering some such facts. Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery.

(Citations omitted.) *Id.* at ¶ 40-41; *Gregory v. Towne Properties, Inc.*, 2d Dist. Montgomery No. 26410, 2015-Ohio-443, ¶ 15, quoting *Doriott*.

{¶ 21} "The trial court's determination of a Civ.R. 56(F) motion is a matter within its sound discretion. * * * Accordingly, the trial court's determination will not be reversed absent an abuse of that discretion." (Citation omitted.) *Scaccia v. Dayton Newspapers, Inc.*, 170 Ohio App.3d 471, 2007-Ohio-869, 867 N.E.2d 874, ¶ 13 (2d Dist.).  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} We cannot conclude that the trial court abused its discretion in denying Johnson's motion for a continuance.  Johnson did not support his motion with an affidavit, as required by Civ.R. 56(F), nor did he articulate, other than in general terms,

what additional discovery he would need in order to oppose the Clark County Defendants' summary judgment motion.[3]

**{¶ 23}** Johnson's third assignment of error is overruled.

### IV. Civ.R. 56 Evidence

**{¶ 24}** Johnson's first assignment of error claims that the trial court erred in considering the affidavit of Johnathan Burr and Exhibits A-2, A-3, A-5, and B-1 over his (Johnson's) objections.

**{¶ 25}** Civ.R. 56 addresses the evidence properly considered in a motion for summary judgment.  With respect to affidavits and attachments, it provides in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. * * *

Civ.R. 56(E).

**{¶ 26}** Megan Burr, Clerk to the Board of Clark County Commissioners, provided an affidavit stating that she was responsible for preparing agendas for meetings of the

---

[3] The Clark County Defendants further argue that Johnson did not conduct any discovery between the filing of his complaint in February 2018 and the filing of their motion for summary judgment in June 2019.  The record does not contain any information about whether Johnson did or did not engage in discovery.

Board and keeping accurate minutes of Board meetings; she also was designed as the deputy records custodian for the Board. Burr indicated that she had personal knowledge of the facts in her affidavit, and she authenticated the exhibits attached to her affidavit, including Exhibits A-2, A-3, and A-5.

{¶ 27} According to Megan Burr's affidavit, Exhibit A-2 was "a true and accurate copy of the Clark County Engineer's ditch report made to the Board, and approved by the Board in Resolution 2016-0356." Exhibit A-3 was a "true and accurate copy of the recommendations of the Clark County Engineer regarding changes to the assessment base of Clark County ditches, as well as the six year review required by Section 6137.11 of the Ohio Revised Code." Exhibit A-5 was "a true and accurate copy of the Goose Creek ditch report that was received and acknowledged in Exhibit A-4." Exhibit A-4, which Johnson does not challenge, was "a true and accurate copy of Resolution 2017-0462 of the Board, which acknowledged the Clark County Engineer's 2017 ditch reports and approved assessment for 2018."

{¶ 28} Johnson argues that Exhibit A-2 should not have been considered, because its source was not mentioned in the motion for summary judgment, it was not mentioned in the Board's June 8, 2016 minutes, and it was inconsistent with the information in Johnson's Exhibit 4-2. Johnson similarly argues that Exhibit A-3 should not have been considered because it was not mentioned at the June 8, 2016 Board meeting and the minutes do not reflect a six-year review.

{¶ 29} We find nothing improper or inadmissible about Megan Burr's affidavit and its attachments. Megan Burr indicated that the statements in her affidavit were based on personal knowledge, and she indicated the basis for such knowledge. She identified

the documents attached to her affidavit as true and accurate copies. Johnson's arguments are directed to whether Megan Burr's affidavit and the attachments are probative, i.e., whether they prove or demonstrate something relevant to the issues raised. However, whether this evidence was probative of any issue raised in the action had no bearing on whether the evidence was admissible for purposes of the Clark County Defendants' summary judgment motion.

{¶ 30} Johnson challenges the trial court's consideration of Exhibit A-5, arguing that it should not have been admitted without cross-examination because it differed significantly from other documents given to him (Johnson). The fact that one or more exhibits of the Clark County Defendants may have contradicted one or more of Johnson's exhibits went to whether a genuine issue of material facts existed, not whether the Clark County Defendants' exhibits were admissible.

{¶ 31} Finally, Johnson claims that Johnathan Burr's affidavit and the attached Exhibit B-1 should not have been considered without cross-examination, because statements in Burr's affidavit contradicted statements in Burr's answer.

{¶ 32} Johnson's complaint alleged that the County Engineer's Ditch Reports for 2014-2017 contained numerous errors and did not support the recommendation for assessments. Johnson did not attach the 2014 ditch report to his complaint, but he attached County Ditch Reports dated April 30, 2015 (Attachment 1), May 25, 2016 (Attachment 2), and May 25, 2017 (Attachment 3).

{¶ 33} In response to these allegations, County Engineer Johnathan Burr's answer stated that each County Ditch Report "speaks for itself." He further denied that the documents " 'show' any fund balance, encumbered or unencumbered, as the balance of

any fund is recorded and maintained by the Clark County Auditor, not the Clark County Engineer." (*See* Burr's Answer, ¶ 27-28 as to the 2014 report; ¶ 4, ¶ 42-43 as to the 2015 report; ¶ 42-43 as to the 2016 report; and ¶ 48-49 as to the 2017 report.)[4]

**{¶ 34}** In support of the Clark County Defendants' motion for summary judgment, Johnathan Burr stated in his affidavit that he had his staff prepare a report of ditch maintenance fund balances between 2011 and 2018. (*See* Johnathan Burr affidavit, ¶ 12.) The County Ditch Report for the Goose Creek Ditch, dated April 3, 2019, was attached to his affidavit as Exhibit B-1 and purported to show that the Goose Creek Ditch balances were within the statutory criteria. Burr further stated that this report indicated that the estimates made by Mark Niccolini, as reflected in Johnson's Attachments 1-3, were erroneous.

**{¶ 35}** In light of Burr's statements in his answer that the Engineer's Office's reports of maintenance fund balances (as opposed to reports from the Auditor's Office) should not be considered as evidence of the actual fund balances, we agree with Johnson that the Clark County Defendants cannot themselves rely upon an updated version of the Engineer's Office report of the Goose Creek Ditch Maintenance Fund balances. As stated by the Eleventh District, "It is axiomatic that the responses in [a party's] answer constitute admissions which he [or she] cannot later contradict or challenge via deposition or other testimony * * *." *Stanwade Metal Prods. v. Heintzelman*, 158 Ohio App.3d 228, 2004-Ohio-4196, 814 N.E.2d 572, ¶ 21 (11th Dist.).

**{¶ 36}** Although not directly on point, we find *Turner v. Turner*, 67 Ohio St.3d 337,

---

[4] The answer of the Board of Clark County Commissioners includes the same language, as does the answer of the Clark County Treasurer and Clark County Auditor.

617 N.E.2d 1123 (1993) to be instructive. In that case, the supreme court held that a moving party's contradictory affidavit may not be used to obtain summary judgment. It stated, "When a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." *Id.* at 341-342 and paragraph one of the syllabus.

{¶ 37} In ruling on the Clark County Defendants' summary judgment motion, the trial court did not mention the exhibits attached to Johnson's opposition memorandum, and it is unclear whether the trial court considered them. Johnson does not raise in his assignment of error that the trial court erred in failing to consider those exhibits, but the Clark County Defendants argue in their appellate brief that the trial court did not err in disregarding the exhibits attached to Johnson's opposition memorandum.

{¶ 38} The exhibits attached to Johnson's opposition memorandum were correspondence from the Auditor's Office to Johnson (Exhibit 4-1) and a report showing income and expenses for the Goose Creek Ditch for 2016-2019 (Exhibit 4-2). The year-end balances for 2017 and 2018 in Exhibit 4-2 were $20,568.57 and $6,218.37, respectively. Johnson did not provide an affidavit authenticating these exhibits. Accordingly, even assuming that the trial court did not consider the exhibits when ruling on the Clark County Defendants' summary judgment motion, the trial court did not err in disregarding them.[5]

---

[5] In the absence of an objection, a trial court has the discretion to consider improperly introduced materials and to disregard defects in the Civ.R. 56 materials. *Williams v. Pioneer Credit Recovery, Inc.*, 2d Dist. Montgomery No. 28524, 2020-Ohio-397, ¶ 10, fn. 3, citing *White v. Smedley's Chevrolet*, 2d Dist. Montgomery No. 26637, 2016-Ohio-968, ¶ 31, fn. 1 (failure to move to strike or otherwise object to plaintiff's evidence waived any

{¶ 39} By contrast, we note that Johnson's complaint was verified by an affidavit, and the affidavit further indicated that the exhibits attached to the complaint were true and accurate copies of those items. Accordingly, the attachments to Johnson's complaint and the facts alleged in the complaint, which Johnson referenced in his memorandum in opposition to summary judgment, were properly before the trial court for consideration of the Clark County Defendants' summary judgment motion.

{¶ 40} Johnson's first assignment of error is overruled in part and sustained in part.

## V. Review of Summary Judgment Decision

{¶ 41} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 42} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R.

---

error in the trial court's consideration of plaintiff's evidence in ruling on a summary judgment motion); *Kuczirka v. Ellis*, 9th Dist. Summit No. 29061, 2018-Ohio-5318, ¶ 5, fn. 1. In this case, however, the Clark County Defendants' reply memorandum included objections to the two unauthenticated documents attached to Johnson's opposition memorandum.

56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 43} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

**A. Maximum Fund Balance**

{¶ 44} Johnson's second assignment of error claims that the trial court erred in concluding that the unencumbered balance of the Goose Creek Ditch Maintenance Fund was never greater than 20 percent of the construction base.

{¶ 45} R.C. 6137.03 provides that ditches are maintained by assessments on the benefited property owners. The statute also sets a maximum unencumbered balance for ditch maintenance funds. It states, in relevant part:

> The maintenance fund shall be maintained, as needed, by an assessment levied not more often than once annually upon the benefited owners, as defined in section 6131.01 of the Revised Code, apportioned on the basis of the estimated benefits for construction of the improvement. An assessment shall represent such a percentage of the estimated benefits as is estimated by the engineer and found adequate by the board or joint board

to effect the purpose of section 6137.02 of the Revised Code, *except that at no time shall a maintenance fund have an unencumbered balance greater than twenty per cent of all construction costs of the improvement.* The minimum assessment shall be two dollars.

(Emphasis added.) In this case, the construction cost of the Goose Creek Ditch was $14,304.73, resulting in a 20 percent unencumbered balance limit of $ 2,860.95.

{¶ 46} In their motion for summary judgment, the Clark County Defendants relied on the affidavit of the County Engineer, Johnathan Burr, and his accompanying Exhibit B-1 to show that, for all relevant years, the end of year balance was always less than 20 percent of the construction base. We concluded, above, that the trial court should not have considered paragraph 12 of Burr's affidavit and Exhibit B-1 (the updated fund balances by the County Engineer's Office), because the Clark County Defendants said in their answers that the Engineer's Office's ditch reports did not "show" fund balances, encumbered or unencumbered, "as the balance of any fund is recorded and maintained by the Clark County Auditor, not the Clark County Engineer."[6]

{¶ 47} The Clark County Defendants have provided no additional evidence, such as the County Auditor's balances for the Goose Creek Ditch Maintenance Fund, to demonstrate that the Goose Creek Ditch Maintenance Fund balance complied with R.C. 6137.03 during the relevant years.

{¶ 48} Even if we were to consider paragraph 12 of Johnathan Burr's affidavit and Exhibit B-1, we would conclude that genuine issues of material fact exist. Exhibit B-1,

---

[6] If these statements were overbroad or inaccurate, the Clark County Defendants could have sought leave to amend their answers, pursuant to Civ.R. 15. No such motion has been made.

dated April 3, 2019, showed balances for 2011 to 2018. For all years except 2017, the year-end balance was a negative number; all positive balances shown on the report were below $2,860.95. However, Johnson attached to his verified complaint County Ditch Reports from 2015-2017 for the Goose Creek Ditch. The 2015 report indicated an anticipated December 31, 2016 ditch fund balance of $4,470. The 2017 report indicated an anticipated December 31, 2018 ditch fund balance of $6,311.90. Burr's affidavit stated that Exhibit B-1 demonstrated that the estimates made by former Drainage Supervisor Mark Niccolini were erroneous, but Burr's exhibit provided no details as to how his figures were calculated. There was conflicting evidence before the trial court, and construing the evidence in the light most favorable to Johnson, genuine issues of material fact existed as to the maintenance fund balances for the Goose Creek Ditch. Accordingly, the trial court erred in granting summary judgment to the Clark County Defendants on this claim.

### B. Six-Year Review

{¶ 49} Johnson's second claim alleged that the permanent assessment base for the Goose Creek Ditch had not been reviewed and updated every six years, contrary to R.C. 6137.11. His third claim alleged that he had been over-assessed and required to pay more than his proportionate share of the benefit of the ditch maintenance.

{¶ 50} R.C. 6137.11 provides that "[t]he original schedule of benefit assessments upon owners for the construction of any improvement shall be maintained by the county auditor as the permanent base for maintenance assessments." In other words, landowners are charged maintenance assessments in the same percentage as they were assessed for the original construction cost of the ditch, which was based on the benefit

derived by the landowner from the ditch.

{¶ 51} R.C. 6137.11 further provides:

The maintenance assessments shall be levied by the county auditor in such percentage of the permanent base as is authorized by the board of county commissioners.

The board of county commissioners, before certifying the percentage of the permanent base to be levied in any one year for the drainage maintenance fund, shall consider any recommendation by the county engineer and any application by any owner for increase or reduction of the permanent assessment base as it applies to any owner.

Any such increase or reduction of the permanent assessment base with respect to any owner shall be made for the purpose of correcting any inequity that has arisen due to increase or decrease in the proportionate share of benefits accruing to the owner as the result of the construction and maintenance of the improvement.

*After six annual maintenance fund assessments have been made upon the owners benefiting from an improvement, the board of county commissioners shall review the permanent base for maintenance fund assessment and may increase or decrease the respective benefit apportionments in accordance with changes in benefits that have occurred during the intervening six years.*

\* \* \*

*At the expiration of six years from the date of the first review of the*

*permanent base of maintenance assessments, and at six-year intervals thereafter, the board of county commissioners shall again review the permanent base and set a hearing on any proposed changes by the procedure provided in this section for the first such review.*

* * *

The hearing on the changes in, or additions to, the permanent base for maintenance assessment may be adjourned from time to time by the board of county commissioners and, upon conclusion of the hearing, the revised permanent base shall be certified to the county auditor and shall become the permanent base for maintenance assessments, except as changed from time to time with respect to individual owners.

(Emphasis added.)

{¶ 52} The six-year review permits a board of county commissioners to increase or decrease the benefit apportionments of each landowner in accordance with changes in benefits that have occurred during the six-year period. R.C. 6137.11. At the same time, the board of county commissioners may ask the county engineer to estimate the construction cost of the ditch if the ditch were constructed at the time of the review. R.C. 6137.112. If the board of county commissioners approves that estimate by resolution, the engineer's estimate would replace the original construction cost as the base for calculating the assessments. *Id.*

{¶ 53} Johnson's sixth assignment of error claims the trial court erred in ruling that the Board of Clark County Commissioners performed a six-year review in 2016. The documents attached to Megan Burr's affidavit support the conclusion that such a review

occurred. The minutes of June 6, 2016 meeting of the Board of Clark County Commissioners (Exhibit A-1) reflect a discussion about an increase of the base amount for the Goose Creek Ditch (*see* R.C. 6137.112). Resolution 2016-0356 acknowledged the Engineer's Office's 2016 Ditch Reports and approved the recommendation for 2017 assessments (Exhibit A-2).

**{¶ 54}** Exhibit A-3, entitled "Permanent Assessment Base Revision; Six Year Review," was identified by Megan Burr as a copy of the recommendations of the Clark County Engineer regarding changes to the assessment base of county ditches, as well as the six year review required by R.C. 6137.11. The document showed the recommended permanent base adjustment from $14,304.73 to $179,096.00.

**{¶ 55}** The Clark County Defendants' exhibits do not necessarily reflect a review of the permanent base for maintenance fund assessment as it relates to individual owners. However, R.C. 6137.11 states that the board of county commissioners "*may* increase or decrease the respective benefit apportionments in accordance with changes in benefits that have occurred during the intervening six years." (Emphasis added.) Johnson was not entitled to a modification of his benefit apportionment as part of the six-year review. Moreover, R.C. 6137.11 allows any owner to apply for an "increase or reduction of the permanent assessment base as it applies to any owner." Johnson has provided no evidence that he has pursued this avenue.

**{¶ 56}** Finally, Johnathan Burr's affidavit addressed Johnson's claim that the change in certain property from farmland to platted housing has made Johnson's assessment no longer equitable. Burr stated that he has 30 years of experience designing and reviewing drainage systems and runoff calculations. He continued:

6.    Based on my education and experience, when farmland is converted to low density housing (as in 1/2 acre to 1 acre lots), the water runoff rate is essentially the same as (and sometimes lower than) farmland because the impervious areas of the houses and driveways are offset by the grass lawns.   Farmland even with no till practices still have a high rate of runoff compared to a grass lawn.   This is why on low density housing there is typically not detention or retention basins to mitigate runoff.

7.    Based on my education and experience, assuming that Plaintiff is using the practices he claims in the Complaint (as stated in paragraph 5 above), these are all good practices for soil conservation, the goal of which is to reduce silt from being deposited into creeks and ditches – not to reduce water runoff rates.   No till farming greatly reduces the silt running into the ditch but increases the crop residue that is deposited into the ditch.   Crop residue has created major issues for the ditches that I maintain as Clark County Engineer, as the crop residue will plug drainage structures as well as the ditches themselves in extreme circumstances.

8.    Therefore, based on my education and experience, the reasons set forth by the Plaintiff for why his assessments for the Goose Creek Ditch are not equitable, are not correct.

Johnson provided no evidence to rebut the County Engineer's evidence.

{¶ 57} Construing the evidence in the light most favorable to Johnson, the trial court did not err in granting summary judgment to the Clark County Defendants on Johnson's second and third claims.

{¶ 58} Johnson's fourth assignment of error claims that the trial court erred in concluding that the six-year review was directory, not mandatory. In light of the Clark County Defendants' undisputed evidence that a six-year review occurred in 2016, whether a six-year review is directory or mandatory is immaterial, and we overrule the assignment of error as moot.

### C. Excessive Maintenance Costs

{¶ 59} Johnson's seventh assignment of error claims that the trial court erred in concluding that Engineer's Office's maintenance costs for the Goose Creek Ditch were not illegal.

{¶ 60} In their motion for summary judgment, the Clark County Defendants argued that Johnson "cannot take issue with whether an assessment is 'excessive,' only whether it is illegal." The Clark County Defendants asserted that the County Engineer was authorized to use his own employees and equipment (R.C. 6137.05(A)) and that assessments were not illegal based on how the Engineer maintained the ditches.

{¶ 61} Johnson opposed the motion, arguing that genuine issues of material fact existed as to the amount of the maintenance costs. He maintained in his complaint that the amounts expended were excessive.

{¶ 62} A ditch maintenance fund is subject to use by a board of county commissioners for "the necessary and proper repair or maintenance" of the ditch.[7] *See* R.C. 6137.05. The board or the county engineer must make an estimate of the cost of

---

[7] R.C. 6137.051 addresses repairs based on a landowner's written complaint that an improvement (such as a ditch) is in need of repair. That statute is inapplicable to the situation before us.

the necessary work and material required. The work may be done by force account[8] or by contract, whichever is "most economical[ ] and expeditious[ ]." R.C. 6137.05(A). The repair and maintenance also may be done in part by contract and in part by force account, "it being the duty of the board of county commissioners * * * and the county engineer to use the best and most economical methods under local conditions for the various phases of the maintenance program * * *." R.C. 6137.05.

{¶ 63} The county auditor is responsible for creating and maintaining a rotary fund for the purchase of equipment, materials, and labor related to general ditch maintenance. R.C. 6137.06. This rotary fund is maintained by "a proportionate withdrawal for the funds of each drainage improvement * * *." *Id.* The county engineer is tasked with establishing a rental rate for equipment purchased with the rotary fund. *Id.* The rental rate is then used in charging the equipment, material, and labor to the drainage improvement upon which it is used in order to reimburse the rotary fund. *Id.*

{¶ 64} The Clark County Defendants argue that summary judgment in their favor was proper, because Johnson failed to demonstrate that the maintenance expenses were illegal. They state that there is no private right of action to object to the maintenance costs, and that the County Engineer had the discretion to perform the maintenance with his own personnel.

---

[8] The phrase "force account" is not defined in R.C. Chapter 6137. However, R.C. 5543.19(C) defines "force account" projects as those in which " * * * the county engineer will act as contractor, using labor employed by the engineer using material and equipment either owned by the county or leased or purchased by the county in compliance with sections 307.86 to 307.92 of the Revised Code and excludes subcontracting any part of such work unless done pursuant to sections 307.86 to 307.92 of the Revised Code." Stated simply, "force account" generally refers to work performed "in house." *State ex rel. Renwand v. Huron Cty. Bd. of Commrs.*, 6th Dist. Huron No. H-09-011, 2010-Ohio-1477, ¶ 3.

{¶ 65} We agree with the Clark County Defendants that they are entitled to summary judgment on Johnson's claim based on the Engineer's failure to request bids or contracts for the maintenance work. R.C. 6137.05 expressly permits the County Engineer to perform maintenance "by force account" or by contract. The mere fact that the County Engineer chose to use his own resources was not, as a matter of law, a statutory violation.

{¶ 66} Johnson further alleged in his complaint that the mowing expenses (and thus the assessments for these expenses) were both excessive and illegal, because "[t]here appears to be an overcharging on man hours, equipment, and other expenses to the Goose Creek Ditch" and equipment purchases were improperly applied to the ditch maintenance account. In essence, Johnson claims that the Goose Creek Ditch Maintenance Fund was improperly charged for certain maintenance costs, resulting in an illegal assessment on benefitted owners. Johnson's allegations fall within his claim under R.C. 2723.03 for reimbursement of illegal assessments.

{¶ 67} The initial burden is on the moving parties (the Clark County Defendants) to demonstrate that they maintained the ditches in accordance with R.C. Chapter 6137 and correctly applied the expenses to the Goose Creek Ditch Maintenance Fund. However, the County Engineer's affidavit does not mention maintenance costs, indicate how the maintenance costs for the relevant years were determined and applied against the Goose Creek Ditch Maintenance Fund, or even suggest that the County complied with R.C. Chapter 6137 in this respect. The Clark County Defendants have presented no evidence to shift the burden to Johnson and, in the absence of any evidence on their behalf, the Clark County Defendants did not establish their entitlement to summary

judgment regarding the charging of maintenance expenses to the Goose Creek Ditch Maintenance Fund.

{¶ 68} Johnson's seventh assignment of error is sustained in part and overruled in part.

### D. Improper Approval of Assessments

{¶ 69} Johnson's fifth and eighth assignments of error are directed to his fifth claim for relief ("fifth complaint for money damages"), which alleged that the Board of Commissioners "improperly approved the 204 percent of the construction base assessment for the benefited landowners payable in 2017" and that the court "should grant the Plaintiff compensatory damages for this lawsuit."   The fifth assignment of error states that the trial court "erred when [it] ruled that, 'no known cause of action exists to provide a legal remedy' for illegal assessments."   The eighth assignment of error claims that the court erred in ruling that Johnson failed to identify any harm or damage from the alleged illegal and improper assessments.

{¶ 70} As with the trial court, we find no basis for Johnson to seek compensatory damages (a legal remedy) for the alleged improper assessments.   The essence of Johnson's complaint is that he was over-assessed for maintenance of the Goose Creek Ditch, and he seeks a refund of those overpayments.   *See* R.C. Chapter 2723; *Ryan v. Tracy*, 6 Ohio St.3d 363, 366, 453 N.E.2d 661 (1983) ("R.C. 2723.01 et seq. provide the exclusive means by which a taxpayer may, with the approbation of the court, demand that the county auditor refund erroneously collected taxes.").   A claim for the refund of overpayment of taxes is not a claim for monetary damages, but a claim for equitable restitution. *See LaBorde v. Gahanna*, 2015-Ohio-2047, 35 N.E.3d 55 (10th Dist.).   The

trial court properly concluded that the Clark County Defendants were entitled to summary judgment on his claim for compensatory damages.

**{¶ 71}** Johnson's fifth and eighth assignments of error are overruled.

### E. Voluntariness of Johnson's 2018 payment

**{¶ 72}** Although not addressed in the trial court's summary judgment decision, the Clark County Defendants asserted in their summary judgment motion that Johnson was not entitled to a refund of his 2017 assessment payment (paid in 2018), because he did not allege that he had paid $644.35 in 2018 and did not allege that his payment of this amount was involuntary because he made a formal protest of the assessment. (The Clark County Defendants acknowledge that Johnson formally protested his payment of the 2016 assessment, paid in 2017.)

**{¶ 73}** R.C. 2723.03 states in relevant part:

If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he * * *, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid.

The provisions regarding written protest and notice of intention to sue are mandatory and must be adhered to strictly. *Ryan*, 6 Ohio St.3d at 365, 453 N.E.2d 661. When a plaintiff fails to comply with those requirements, the action is barred. *Blisswood Village Homeowners Assn. v. McCormack*, 38 Ohio St.3d 73, 526 N.E.2d 69 (1988).

{¶ 74} Johnson's verified complaint indicates that he paid $644.35 for the 2017 assessment. However, there is no indication that he filed a written protest at the time of his payment or a notice of intention to sue regarding the payment. Johnson argues that he filed an amended complaint in his 2015 lawsuit, which included a blanket protest to any future assessments. However, the record of the 2015 lawsuit is not in the record before us and is not readily accessible online. Moreover, we conclude that such a statement in the amended complaint, even if it were before us, is too remote to satisfy the requirement that he provide a written protest and notice of intention to sue contemporaneously with his payment. Accordingly, the trial court properly granted summary judgment to the Clark County Defendants on Johnson's claim for reimbursement of his 2018 payment of $644.35 for the 2017 assessment.

## VI. Conclusion

{¶ 75} The trial court's judgment will be affirmed as to Johnson's request for reimbursement of his payment on the 2017 assessment, paid in 2018, as to all claims.

{¶ 76} With respect to his claims regarding the 2016 assessment, paid in 2017, the trial court's judgment will be affirmed as to Johnson's second, third, and fifth claims for relief and the portion of Johnson's fourth claim related to the County Engineer's failure to obtain bids for maintenance work. The judgment will be reversed as to Johnson's first claim for relief (20 percent balance) and the remainder of his fourth claim for relief (application of maintenance costs to the Goose Creek Ditch Maintenance Fund), and the matter is remanded for further proceedings on those claims.

. . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurs in part and dissents in part:

{¶ 77} I agree with the majority's resolution of most of the issues in this appeal. I disagree with the majority's conclusion that the affidavit in support of summary judgment presented by County Engineer Jonathan Burr, with updated Goose Creek ditch-maintenance fund balances between 2011 and 2018, should be ignored because of a theoretically contrary statement in the answer. Johnson had attached three documents to his complaint, attachments 1-3, and argues that they were "ditch report estimates that showed estimated Goose Creek Ditch maintenance fund balances * * * that would exceed the 20% construction base threshold." Appellant's Brief at 6. The affidavit of the County Engineer demonstrates that the prior ditch balance estimates of Mark Niccolini, the retired former ditch supervisor for the Clark County engineer's office, were just wrong. Johnson claims this reevaluation was discovered by the engineer's office in the summer of 2018. But Johnson, who did no discovery for a year and a half, also claims he was unaware of the revisions until the engineer's affidavit was filed in support of the motion for summary judgment

{¶ 78} It is the position of the majority in ¶ 33 that because the County Engineer's answer to the complaint stated that each document Johnson attached to his complaint "speaks for itself," then the Clark County Defendants effectively admitted that the documents were (1) authenticated, (2) admissible, and (3) accurate. I conclude "speaks for itself" does none of these things, and those "exhibits" were not properly before the trial court for purposes of the summary judgment motion.   Although Johnson does argue that the Clark County Defendants' answers should have been amended to allow presentation

of the Engineer's corrected information, that argument is based on the contention that the answers assert that the County Auditor keeps track of the ditch fund balances, not the County Engineer. Johnson never contended or argued that the "speaks for itself" language in the answers cited by the majority constituted an admission of the authenticity, admissibility, or accuracy of the attachments to his complaint. Moreover, even if the answers contend that the balance of any fund is recorded by the County Auditor, not the County Engineer, that doesn't sound like an admission that the attachments to the complaint were accurate, and in my opinion did not preclude the trial court from considering a properly presented summary judgment affidavit of someone with knowledge. Accordingly, when the Clark County Defendants' motion for summary judgment was filed, with the Burr affidavit and the corrected monetary balances, the trial court correctly considered that affidavit and the information. The answers did not preclude the court from considering the correct information.

{¶ 79} The majority cites *Stanwade Metal Prods. v. Heintzelman,* 158 Ohio App.3d 228, 2004-Ohio-4196, 814 N.E.2d 572, (at ¶ 35, above) for the proposition that responses in an answer constitute admissions that cannot be contradicted. But the answers here were not admissions, and the responses here were markedly different that those in *Stanwade.* There, Heintzman, the sole shareholder of Environmental Construction, one of Heintzman's "several corporate shells," contacted Stanwade to purchase a $19,258.26 steel tank. Heintzman had the tank delivered to Garner Transportation, and Garner paid Heintzman the purchase price. Stanwade had invoiced Environmental Construction for the tank. Hientzman issued three $5,000 checks to Stanwade bearing the trade name "The Home Medic," one his "shells." The checks bounced. Stanwade filed suit. In

response to Stanwade's motion for summary judgment, Heintzman claimed he had informed Stanwade that the transaction would be handled through All-American Construction, another of the shells. But Heintzman had admitted an allegation of the complaint that "[b]ased upon the representations made by [Heintzelman] to [Stanwade], [Stanwade] sold products on account to defendant Environmental Construction and Design, Inc., for a total amount owed of $19,258.26 (Exhibit 'A')." *Id.* at ¶ 16. In that context, the court of appeals determined that Heintzman could not change the admission that Stanwade sold the tank to Environmental Construction. In the end, Heintzman, operating through multiple shifting entities, was also found personally liable for the purchase price. There should be no question that Heintzman's answer to the quoted allegation of the complaint constituted an admission.

**{¶ 80}** Here there was no admission that the documents attached to the complaint were authentic, admissible, or accurate. Even if the answer were considered to be ambiguous, a contention with which I do not agree, the majority recognizes in footnote 6 of ¶ 46 that the trial court could allow leave for an amendment to the answers under Civ.R. 15. Assuming ambiguity in the answers, effectively that is what the trial court did. But under the majority's resolution, the case will be remanded to the trial court, the trial court will formally grant the defendants leave to clarify their answers, and the same process will begin again.

**{¶ 81}** In contrast to the affidavit and attachments of Engineer Johnathan Burr, I do not believe the attachments to Johnson's complaint, in the absence of an admission by the opposing parties, were properly before the court in response to the motion for summary judgment. The majority indicates the complaint was verified by affidavit, but that

alone was insufficient to comply with Civ.R. 56. And Johnson failed to demonstrate personal knowledge that the attachments were accurate. Therefore, those documents were insufficient to create genuine issues of material fact.

{¶ 82} Indeed, in response to the motion for summary judgment, Johnson did request additional time to conduct discovery. But the complaint was filed February 9, 2018.   A March 13, 2019 pretrial order set deadlines including a time for filing dispositive motions of June 18, 2019 and discovery cutoff of June 30, 2018, a Sunday, making the cutoff July 1, 2018. The motion for summary judgment was filed June 18. On July 11, 2018, Johnson filed his response to the motion for summary judgment and a motion for a continuance to conduct further discovery. Johnson did not file a Civ.R. 56(F) affidavit and did not conduct any discovery whatsoever. I agree with the majority's conclusion at ¶ 22 that the trial court did not abuse its discretion by failing to grant Johnson additional time for discovery.

{¶ 83} Based on the foregoing analysis, I would affirm the judgment of the trial court granting summary judgment to the Clark County Defendants.

Copies sent to:

William S. Johnson
Andrew P. Pickering
Beau P. Thompson
William D. Hoffman
Hon. Richard J. O'Neill