[Cite as *Y.A.B. ex rel. E.E.W. v. Wallace*, 2023-Ohio-551.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| Y.A.B. ex rel. E.E.W., JR.<br><br>  Relator<br><br>v.<br><br>JUDGE HELEN WALLACE et al.<br><br>  Respondents | C.A. No. 29529<br><br><br>**DECISION AND FINAL JUDGMENT ENTRY**<br><br><br>**February 17, 2023** |

_____

PER CURIAM:

{¶ 1} This matter is before the court on the merits of relator Y.A.B.'s request for a writ of prohibition against the respondents, Judge Helen Wallace and Magistrate Paula Durden of the Montgomery County Juvenile Court. Upon consideration of the evidence and the parties' briefs, we conclude that no writ shall issue.

**Facts and Procedural History**

{¶ 2} Y.A.B., also known as E.E.W., Jr., is an inmate incarcerated in Kentucky. Relator is a child support obligor with respect to his daughter, S.N.W. On March 28, 2016, in Case No. 2016-1971, the Montgomery County Juvenile Court adopted the Montgomery County Child Support Enforcement Agency's administrative order establishing relator's child support obligation. On January 14, 2019, the juvenile court adjudicated S.N.W. to be a dependent child in Case No. 2018-5826. In Case No. 2018-5826, the juvenile court found that it had previously addressed child support in Case No. 2016-1971. Thus, relator's obligation to support S.N.W. has been continuous since March 28, 2016,

although the amount he has been ordered to pay each month has been modified and there have been changes in child custody.

{¶ 3} The essence of relator's claim is that he lacks "minimum contacts" with the State of Ohio such that the respondents' exercise of personal jurisdiction over him offends constitutional guarantees of due process. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (establishing minimum contacts test). In February 2019, after the juvenile court found S.N.W. to be a dependent child, relator began to assert challenges to the juvenile court's personal jurisdiction. This action, filed on July 11, 2022, is his latest attempt to contest the matter.

{¶ 4} On August 9, 2022, the respondents moved to dismiss this action pursuant to Civ.R. 12(B)(6). This court overruled the motion. Relator's pro se complaint was hard to decipher, but we could not exclude the possibility that, presuming the factual allegations to be true and making all reasonable inferences in his favor, relator might prevail on the merits. *See, e.g., Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.,* 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). Further, we did not possess the evidence necessary to determine how the juvenile court had acquired personal jurisdiction over the relator. Our review was limited to the complaint and the materials appended thereto. *See, e.g., Thomas v. Progressive Cas. Ins. Co., Inc.,* 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 9 (2d Dist.). Thus, we ordered the respondents to file an answer, which they filed on September 8, 2022.

{¶ 5} Subsequently, on September 13, 2022, we ordered the parties to submit evidence and brief the merits. The parties have submitted their evidence and their briefs. Therefore, the matter is ripe for our consideration.

**Writ of Prohibition Elements**

{¶ 6} A writ of prohibition is "'an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions.'" *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50, 166 N.E. 894 (1929). For a writ of prohibition to issue, a relator must establish that (1) the trial judge has exercised judicial power or is about to do so; (2) the trial judge lacks authority to exercise that power; and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 23. If the trial judge's lack of jurisdiction is patent and unambiguous, a relator does not need to establish that there is a lack of an adequate remedy at law. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 62. Absent a patent and unambiguous lack of jurisdiction, a relator's ability to appeal generally bars relief in prohibition. *Johnson v. Sloan*, 154 Ohio St.3d 476, 2018-Ohio-2120, 116 N.E.3d 91, ¶ 24.

**Burden of Proof**

{¶ 7} Y.A.B., as the relator, has the burden of proving his claim by clear and convincing evidence. *State ex rel. Federle v. Warren Cty. Bd. of Elections*, 156 Ohio St.3d 322, 2019-Ohio-849, 126 N.E.3d 1091, ¶ 10. "The Fourteenth Amendment's Due Process Clause 'limits the power of a state court to render a valid personal judgment against a nonresident defendant.'" *LG Chem, Ltd. v. Goulding*, 167 Ohio St.3d 488, 2022-Ohio-2065, 194 N.E.3d 355, ¶ 12, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Nevertheless, only in "extremely

rare cases" will a writ of prohibition issue based on a lack of personal jurisdiction over a non-resident defendant. *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 647, 710 N.E.2d 710 (1999). There must be a "'complete failure to comply with constitutional due process'" for the writ to issue. *Id.*, quoting *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.*, 76 Ohio St.3d 374, 378, 667 N.E.2d 1189 (1996).

**The Evidence**

**{¶ 8}** With respect to the presentation of evidence, "[t]he admission or exclusion of relevant evidence is within the court's sound discretion." *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 18, citing *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706, ¶ 35. Ordinarily, "[t]he evidence in an original action, except habeas corpus, shall be submitted to the court by means of an agreed statement of facts, stipulations, depositions, interrogatories, requests for reproduction of documents, and requests for admissions." Loc.App.R. 8(E). In this case, the evidence is limited to a collection of records of the juvenile court in Case Nos. 2016-1971 and 2018-5826.[1]

**{¶ 9}** The respondents have submitted what they assert to be the complete record in the two juvenile court cases. Relator submitted a smaller sample of records from the same cases. Although the parties did not formally stipulate to the evidence in this matter, no objection has been raised to our consideration of all the records. Therefore, in our

---

[1] Relator's complaint was not verified and, therefore, does not constitute evidentiary material. *See Johnson v. Clark Cty. Aud.*, 2020-Ohio-3201, 155 N.E.3d 199, ¶ 39 (2d Dist.) (complaint and attached exhibits, which were verified by an affidavit, were properly before the trial court for purposes of summary judgment motion).

discretion, we evaluate relator's claim using the entire evidentiary record. *Compare State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301, 685 N.E.2d 1251 (1997) ("the court of appeals may consider evidence other than that listed in Civ.R. 56 when there is no objection") *with State ex rel. Harris v. Capizzi*, 2d Dist. Montgomery No. 29278, 2022-Ohio-3661 (exhibits attached to the complaint and motion to dismiss did not constitute evidence at the merits stage when no other evidence was submitted despite the parties' reliance on them).

### Analysis

**{¶ 10}** We note here that relator's brief does not make use of the evidentiary record to support his legal argument. Indeed, the brief does not advance beyond the bald assertion of a lack of minimum contacts found in relator's initial pleading. Much of the brief is filled with sovereign citizen arguments that merit (and receive) no consideration at all. *See State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (rejecting appellant's "sovereign citizen" arguments as "wholly frivolous"). In contrast, the respondents have demonstrated that the evidence supports their argument that their exercise of personal jurisdiction over the relator is authorized by law. [2]

**{¶ 11}** The evidence reflects that on March 28, 2016, in Case No. 2016-1971, the juvenile court registered and adopted an administrative support order filed by the Montgomery County Child Support Enforcement Agency. The administrative order establishes child support with respect to S.N.W. and designates relator as the obligor. The order includes a unique numerical identifier, a SETS number. Further, the order

___

[2] Relator is generally referred to as E.E.W., Jr., in the juvenile court records except those records he submitted pro se to the court. The name Y.A.B. does not appear in the juvenile court records until November 2019.

specifically states that on December 11, 2015, relator "executed the Waiver of Service consenting to notice of these proceedings by regular mail at the address [he] provided." Relator's address in Dayton, Ohio, appears on the administrative support order.

{¶ 12} The juvenile court records also include the waiver itself. Relator's "Waiver of Service for Administrative Paternity Hearing and Support Establishment Hearing and Notice of Objection Process" is dated December 11, 2015. The waiver explains that the Montgomery County Child Support Enforcement Agency seeks to establish paternity and support with respect to relator's unborn child.  The waiver also includes information about a putative father's rights to object to paternity test results and, if applicable, the establishment of an administrative child support order. The waiver states that relator understood and agreed that if a support hearing is scheduled, notice of that hearing would be mailed to his address, as listed on the waiver. The waiver further reads: "I have read this waiver or had this waiver read to me. By signing I affirm that I understand and agree with the contents of this waiver." The waiver appears to be signed by the relator. His Dayton, Ohio, address and the SETS number both appear on the waiver.

{¶ 13} All this evidence supports the respondents' argument that relator was an Ohio resident, living in Dayton, at the time the child support order was established. There is no evidence in the record to support a claim that relator was a non-resident of Ohio when the support order was established. Thus, an analysis of minimum contacts with the forum, essential to a court's personal jurisdiction over non-resident defendants, is not

applicable. It cannot be doubted that the juvenile court possessed personal jurisdiction over the relator, an Ohio resident, when the support order was established.[3]

{¶ 14} Further, there is no evidence in the record to support a claim that the respondents lack continuing exclusive jurisdiction to modify and enforce relator's child support obligation in Case No. 2018-5826. *See* R.C. 3115.202 (duration of personal jurisdiction); R.C. 3115.205 (continuing, exclusive jurisdiction to modify child-support order); R.C. 3115.206 (continuing jurisdiction to enforce child-support order). Thus, the evidence does not clearly and convincingly support relator's claim that the juvenile court lacks authority to modify or enforce his obligation to support S.N.W. Accordingly, a writ of prohibition will not issue against the respondents.

{¶ 15} We offer a final consideration before concluding this decision: relator had an adequate remedy in the ordinary course of law to contest the juvenile court's exercise of personal jurisdiction. A writ of prohibition is not a substitute for appeal. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 30, 451 N.E.2d 225 (1983). The juvenile court record reflects that relator did not file objections to the March 28, 2016, order establishing his child support obligation, nor did he file a notice of appeal. We decline to issue a writ when relator could have availed himself of the remedy of direct appeal.

---

[3] Were the matter in doubt, we might find that relator has waived any challenge to the respondents' exercise of jurisdiction, but we need not make that determination. *See Mayhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984) (a court can obtain personal jurisdiction through service of process, a voluntary appearance, or a waiver). Relator's December 11, 2015, waiver of service reads, in pertinent part: "I voluntarily submit to Ohio jurisdiction and waive any contest to personal jurisdiction per ORC 3115.03 and ORC 3115.07."

**Conclusion**

**{¶ 16}** For all the foregoing reasons, relator has not proven that the respondents have completely failed to comply with constitutional due process by clear and convincing evidence.

**{¶ 17}** This action, Montgomery County Appellate Case No. 29529, is DISMISSED.

**{¶ 18}** Writ of prohibition DENIED. Costs taxed to the relator.

SO ORDERED.

_____
JEFFREY M. WELBAUM, PRESIDING JUDGE

_____
MICHAEL L. TUCKER, JUDGE

_____
RONALD C. LEWIS, JUDGE

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____
JEFFREY M. WELBAUM, PRESIDING JUDGE